IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JANET M. TRILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:09-cv-00191-GMS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

1. On March 23, 2009, plaintiff Janet M. Trill ("Trill"), filed this appeal from the Administrative Law Judge ("ALJ") decision denying her disability benefits under the Social Security Act. (D.I. 17 Presently before the court are the parties' cross-motions for summary judgment. (D.I. 17 D.I. 19.) For the reasons that follow, the court will: (1) deny the plaintiff's motion for summary judgment; and (2) grant the defendant's motion for summary judgment. The court's reasoning follows.[1]

2. In determining the appropriateness of summary judgment, a court must review the record as a whole and "draw all reasonable inferences in favor of the nonmoving party, [but] may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). If a court determines that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law," summary judgment is appropriate. *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005) (quoting Fed. R. Civ. P. 56(c)). A court must uphold an ALJ's factual decisions if they are supported by

---

[1] Since the court writes primarily for the benefit of the parties and the ALJ, to whom the underlying facts are well-known, it will address only the facts relevant to the cross-motions.

"substantial evidence." 42 U.S.C. §§ 405(g), 13839(c)(3). Substantial evidence is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988) (citation omitted.) Substantial evidence is further defined as "more than a mere scintilla." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Peraes*, 402 U.S. 389, 401 (1971)). Credibility determinations are, likewise, the province of the ALJ and should be disturbed on review only if they are not supported by substantial evidence. *See Psyher v. Apfel*, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983)). Thus, the inquiry is not whether this court would make the same determination, but whether the ALJ's conclusion is reasonable. In Social Security cases, this substantial evidence standard applies to motions for summary judgment brought pursuant to Fed. R. Civ. P. 56(c). *See Woody v. Sec'y of the Dep't of Health & Human Serv.*, 859 F.2d 1156, 1159 (3d Cir. 1988).

3. Trill asserts that the ALJ's decision was legally flawed because: (1) the medical evidence in the record does not support the ALJ's conclusion that Trill had the capacity to "understand, remember, and carry out detailed instructions;" (2) the ALJ improperly assigned the most weight to a treating physician's report dated near the end of the alleged period of disability; and (3) the "ALJ's decision does not specify what weight the ALJ gave to either Dr. Kasturirangan's opinion in March, 2003 and Dr. Lentine's opinion in April 2007." (D.I. 17 at 7-10.) With respect to the ALJ's vocational findings, Trill further alleges that: (1) the ALJ "made no attempt to ascertain the mental requirements of Trill's past relevant work" and thus "the finding that [Trill] could perform that work during the time period in question . . . is invalid";

and (2) "since the ALJ's finding concerning Trill's RFC is flawed, the opinion of the Vocational Expert ["VE"] upon which it is based is likewise flawed." (D.I. 17 at 7-10.)

4. Trill first asserts that the ALJ's finding that Trill had the Residual Functional Capacity ("RFC") "to understand, remember, and carry out detailed instructions adequately . . . concentrate and persist adequately at that level of complexity" is unsupported by the record. (D.I. 17 at 7.) RFC is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999). The ALJ is only required, however, to include limitations that are both credible and supported by the record. *Id.* Trill relies on Dr. Fugate's assessment that she "is able to meet the basic mental demands of simple work in a low contact work setting," and on Dr. Lentine's November 25, 2007 report stating that "Janet's ability to understand simple, primarily oral instructions is not impaired." (Tr. at 272, 284.) Trill's argument appears to be that since Dr. Fugate's assessment and Dr. Lentine's letter state only that Trill can carry out simple instructions, their reports imply that Trill cannot understand more detailed instructions. (D.I. 19 at 13.) That inference is not supported by the record, however, since the ALJ gave controlling weight to Dr. Lentine's November 25, 2007 report, which ultimately concluded that Trill had no limitations with regard to work-related mental activities.[2] That is sufficient to support the ALJ's conclusion that Trill retained the RFC to understand and carry out detailed instructions. *See Hartranft*, 181 F.3d at 359 n. 1.

---

[2] Specifically, the report states: "There is no impairment in my opinion in Janet's abilities to perform work-related mental activities. There is no impairment in her understanding, general fund of knowledge, memory, ability to sustain concentration/persistence, her social interaction, or adaptation. There is no medical or physical impairment to my knowledge that would limit Janet's ability to function normally on the job." (Tr. at 284.)

3

5. The court similarly finds that the ALJ properly relied on Dr. Lentine's November 25, 2007 report rather than on Dr. Lentine's initial assessment of Trill in April 2007. (D.I. 17 at 9.) When dealing with contradictory medical evidence, the ALJ must "carefully evaluate how much weight to give the treating physician's opinion." *Gonzales v. Astrue*, 537 F. Supp. 2d at 660. Although the ALJ ultimately did not give controlling weight to the April 2007 report, Trill does not assert that the ALJ failed to carefully evaluate the April report before deciding to assign greater weight to the November report. Since Dr. Lentine had developed a longer and more extensive relationship with Trill and had conducted additional examinations by the time of the November report, the court finds that the ALJ did not err in giving the November report greater weight.

6. The court also finds that the ALJ reasonably evaluated Trill's symptoms. The record demonstrates that the ALJ considered all objective medical evidence provided by Trill, including past and present medications, as well as Trill's testimony regarding her daily activities and the location, duration, frequency, and intensity of her anxiety, panic, and agoraphobic attacks. (*See* Tr. at 32-46.) The record also shows that Trill has not fully complied with treatment, most notably by missing therapy sessions that had proven effective in controlling her symptoms.[3] Trill missed so many appointments at Northwestern due to "scheduling conflicts" that she was discharged from treatment. (D.I. 19 at 7.) More recently, Dr. Lentine reported that Trill's attendance at therapy sessions was "poor." (Tr. at 283-84.) Furthermore, Trill's testimony at the ALJ hearing indicates that she has not been taking her medications, specifically Xanax, as prescribed. (Tr. at 41, 283-84.) The ALJ also expressed concerns regarding the

---

[3] Dr. Gurijala reported that "[Trill] has periods of being able to go off meds due to benefits from counseling." (Tr. at 229.)

4

credibility of Trill's testimony regarding her own symptoms. (Tr. at 16.) For these reasons, substantial evidence supports the ALJ's evaluation of Trill's symptoms. (Id. at 16.)

7. The court also rejects Trill's argument that the ALJ did not specify what weight she gave to Dr. Kasturirangan's and Dr. Lentine's opinions and instead devised "her own diagnosis about Trill's medical condition." (D.I. 17 at 9.) Although the ALJ did not specifically use the term "weight" in addressing the disputed opinions, Trill cites no evidence suggesting that the ALJ failed to consider those opinions. The ALJ need not specify "weight" or use any other particular language in an opinion, as long as the opinion demonstrates that the ALJ was aware of and understood the evidence in question. *Jones v. Barnhart*, 364 F.3d 501, 504-05 (3d Cir. 2004); *see also Johnson v. Commissioner*, 529 F.3d 198, 202-04 (3d Cir. 2008) (the court "is aware of no authority that requires an ALJ to quote from a treating doctor's opinion verbatim in order to evidence the ALJ's grasp of the information contained within").

8. Trill's claim that the ALJ "failed to ascertain" the mental requirements of Trill's past work is similarly unavailing. (D.I 17 at 8.) The ALJ examined the requirements of Trill's past jobs as a telemarketer, pharmacy technician, and cashier, and ultimately held that Trill could not perform her past relevant work. (Tr. at 17, 47-48.) The court finds that the VE's testimony accurately reflects Trill's physical and mental limitations, as determined by the ALJ. For example, the ALJ properly described a "hypothetical individual who is 39 years old, has a limited education with the ability to read, write and use numbers." (Tr. at 48.) The ALJ further specified that the hypothetical person would be "able to lift, and carry . . . 50 pounds occasionally, 25 pounds frequently; no dangerous heights; no ladders or scaffolds; able to understand, remember and carry out detailed instructions adequately, can concentrate and persist adequately at that level of complexity." (Id.) Because the VE's testimony was based on a

hypothetical question that accurately reflected Trill's physical and mental limitations, the court finds that the VE's testimony constitutes substantial evidence. *See Myers v. Comm'r of Soc. Sec.*, No. 08-2906, 2009 WL 2445129, at *1 (3d Cir. 2009) (citing *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984)); *see also McDonald v. Astrue*, No. 07-4493, 2008 WL 4368226, at *3 (3d Cir. 2008).

Therefore, IT IS HEREBY ORDERED that:

1) That plaintiff's motion for summary judgment (D.I. 16) is DENIED

2) That defendant's motion for summary judgment (D.I. 18) is GRANTED

3) The ALJ's June 26, 2008 decision is AFFIRMED

Dated: June 27, 2011

CHIEF UNITED STATES DISTRICT JUDGE